IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ROBIN ROY MARTELL,<br><br>Defendant/Movant. | Cause No. CR 11-39-GF-BMM<br>CV 14-39-GF-BMM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On May 16, 2014, Defendant Robin Roy Martell filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Martell is a federal prisoner proceeding pro se. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the motion is subject to preliminary screening by the Court and to dismissal if it plainly appears the movant is not entitled to relief.

Martell contends that trial and appellate counsel were ineffective, in violation of the Sixth Amendment, because he was not given the opportunity to make peremptory challenges to potential jurors. Mot. § 2255 (Doc. 112) at 4 ¶ 5A; Br. in Supp. (Doc. 113) at 8-15.

But Martell was given that opportunity. Minutes (Doc. 69) (noting "AZ chal begins" at 11:20 a.m.); Jury List with Challenges (Doc. 70) (under seal). The Court used the "Arizona method," meaning that each side exercised its peremptory challenges simultaneously. *See* L.R. CR 24.1(b)(3), (c) (eff. Dec. 1, 2010). The

1

trial transcript does not reflect this process because counsel did not order preparation and filing of voir dire. *See* 1 Trial Tr. (Doc. 87) at 1 (labeling transcript as "partial" transcript), 14:16-15:1. The transcript does reflect, however, that 48 of 49 jurors appeared and were available during jury selection. That number is more than sufficient to ensure Martell was able to exercise ten and the United States six peremptory challenges. *See* 1 Trial Tr. at 8:24-9:2; Fed. R. Crim. P. 24(b)(2); *United States v. Christoffel*, 952 F.2d 1086, 1088 & n.1 (9th Cir. 1991).

Because there was no issue to raise with respect to peremptory challenges, neither trial nor appellate counsel were ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000). A certificate of appealability is not warranted because Martell fails to make a showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Martell's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 112) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Martell files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-39-GF-BMM are terminated and shall close the civil file by entering

judgment in favor of the United States and against Martell.

DATED this 21st day of May, 2014.

                                         /s/ Brian M. Morris
                                        Brian M. Morris
                                        United States District Court